# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS MALDONADO,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY, et al.,<br><br>Respondents. | Case No. 1:26-cv-01519-KES-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO DENY PETITIONER'S MOTION TO ENFORCE JUDGMENT<br><br>(ECF No. 23) |

## I.

## BACKGROUND

On February 23, 2026, Petitioner, an immigration detainee, filed a petition for writ of habeas corpus pursuant to 28 U.S. § 2241 raising a claim pursuant to Zadvydas v. Davis, 533 U.S. 678 (2001), and claims challenging Respondents' third country removal policy. (ECF No. 1 at 15–18.[1]) The Court also construed the petition "as raising a due process claim challenging Petitioner's prolonged detention without a bond hearing." (ECF No. 9 at 1.) On June 5, 2026, the Court granted the petition on the construed prolonged detention due process claim and ordered:

> Respondents are ORDERED to provide petitioner Jose Luis Maldonado . . . with a bond hearing before a neutral decisionmaker within fourteen (14) of the date of this Order. Respondents shall immediately provide petitioner with a copy of this Order and shall provide him with 48 hours' written notice before the bond hearing. At that bond hearing, it is respondents' burden to demonstrate that

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

> petitioner is a flight risk or danger to the community by clear and convincing evidence. If respondents do not provide petitioner with a bond hearing within fourteen days, respondents are ordered to release him.

(ECF No. 20 at 2.)

On June 18, 2026, an immigration judge ("IJ") held a bond hearing and denied bond, finding that "DHS proved by clear and convincing evidence that [Petitioner] would be a danger to the community if released." (ECF No. 27 at 7.) The IJ considered Petitioner's participation in rehabilitation programs and the Fire Camp Program while incarcerated but could not overlook Petitioner's fairly recent felony conviction involving a firearm and found that the relative recency of the conviction outweighed any rehabilitation. (Digital Audio Recording ("DAR") at 11:25–13:15, ECF No. 29.) Petitioner waived appeal. (ECF No. 27 at 8.)

On June 26, 2026, Petitioner filed a motion to enforce judgment, raising the following claims for relief: (1) he was not provided 48 hours' notice; (2) the IJ was not a neutral decisionmaker; (3) he was denied the ability to present evidence on his own behalf; and (4) the IJ did not apply the clear and convincing evidence standard. (ECF No. 23.) On July 1, 2026, the motion was referred to the undersigned. (ECF No. 24.) On July 16, 2026, Respondent filed an opposition. (ECF No. 27.) To date, no reply in support of the motion to enforce judgment has been filed, and the time for doing so has passed.

## II.

## DISCUSSION

A "district court ha[s] authority to review compliance with its earlier order conditionally granting habeas relief." Leonardo v. Crawford, 646 F.3d 1157, 1161 (9th Cir. 2011) (citing Gentry v. Deuth, 456 F.3d 687, 692 (6th Cir. 2006) (holding that a federal district court retains jurisdiction to determine whether a party has complied with the terms of a conditional order in a habeas case); Phifer v. Warden, U.S. Penitentiary, 53 F.3d 859, 865 (7th Cir. 1995) ("When a habeas petitioner alleges noncompliance with a conditional order, jurisdiction exists for the purpose of determining whether the [government] acted in accordance with the court's mandate."); Hamilton v. Nakai, 453 F.2d 152, 157 (9th Cir. 1972) ("The equitable jurisdiction of

///

a federal court extends to supplemental or ancillary bills brought for the purpose of effectuating a decree of the same court.”)).

**A. Failure to Provide 48 Hours’ Notice and Ability to Present Evidence**

Petitioner asserts that he did not receive 48 hours’ written notice prior to the bond hearing, as ordered by this Court. (ECF No. 23 at 2.) Attached to the motion to enforce is a notice of custody redetermination hearing scheduled for June 18, 2026, and the certification of service indicates that the notice was mailed to Petitioner “c/o Custodial Officer” on June 12, 2026. (ECF No. 23 at 5.) There is a handwritten notation: “Rec. June 17, 2026 About 7:45 AM.” (Id.) Additionally, Petitioner asserts that he was denied the ability to present evidence on his own behalf, stating that there was “not enough time to prepare and gather all of his paper’s, [sic] petitioner is in the midst of vacating his conviction in light of a constitutional violation during his plea bargaining and sentencing when he was convicted (has a criminal attorney working on his matter)[.]” (ECF No. 23 at 2–3.)

> To establish a due process violation, Petitioner must show (1) “the proceeding was so fundamentally unfair that [he] was prevented from reasonably presenting his case,” and (2) “prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation.” *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620-21 (9th Cir. 2006) (internal quotation marks and citation omitted).

Mata-Yanez v. Bondi, No. 23-1329, 2025 WL 3014219, at *1 (9th Cir. Oct. 28, 2025). See Singh v. Warden of Golden State Annex Facility, No. 1:26-CV-00172-JLT-EPG, 2026 WL 1328508, at *5 (E.D. Cal. May 13, 2026) (subjecting failure to provide notice claim raised in motion to enforce judgment to harmless error review).

Here, the Court need not determine when Petitioner received the written notice of the bond hearing because Petitioner has failed to show that he was denied the ability to present evidence on his behalf and that the outcome of the proceeding may have been affected by the alleged violations. A review of the audio recording of the bond hearing establishes that Petitioner was able to show the IJ certificates and a letter from rehabilitative programs he completed. (DAR at 9:04–9:54, ECF No. 29.) Therefore, Petitioner was able to present some evidence on his own behalf.

///

To the extent Petitioner asserts that he could not gather papers with respect to his effort to vacate his conviction in light of an alleged constitutional violation during his plea bargaining and sentencing, there is no evidence in the record before this Court that Petitioner's conviction was in fact vacated. Petitioner's statement that he "has a criminal attorney working on this matter," suggests that the effort is ongoing and his conviction has not been vacated. As it appears that Petitioner's conviction has not been vacated, Petitioner has failed to show that the outcome of the proceeding may have been affected by his inability to gather papers regarding his ongoing effort to vacate his conviction.

Based on the foregoing, the Court recommends finding that Petitioner is not entitled to relief for the failure to provide 48 hours' notice and alleged inability to present evidence because Petitioner has failed to show prejudice.

**B. Lack of Neutral Decisionmaker**

Petitioner asserts that "the immigration court did not provide a bond hearing in front of a neutral decisionmaker[.]" (ECF No. at 23 at 2.) The Ninth Circuit has held that a petitioner can meet his burden to establish a due process violation "by showing 'a deep-seated favoritism or antagonism that would make fair judgment impossible,' but 'a mere showing that the IJ was unfriendly, confrontational, or acted in an adversarial manner is not enough[.]'" Mata-Yanez, 2025 WL 3014219, at *1 (first quoting Rivera v. Mukasey, 508 F.3d 1271, 1276 (9th Cir. 2007); then quoting Rizo v. Lynch, 810 F.3d 688, 693 (9th Cir. 2016)). However, Petitioner does not provide further argument or allegations to support his assertion. Petitioner does not establish "a deep-seated favoritism or antagonism that would make fair judgment impossible." Vargas-Hernandez v. Gonzales, 497 F.3d 919, 926 (9th Cir. 2007). Accordingly, the Court recommends finding that Petitioner is not entitled to habeas relief on this ground.

**C. Application of Clear and Convincing Evidence Standards**

Petitioner asserts that the IJ "took it upon himself to declare that Petitioner was a danger to the community and flight risk, when this Federal court ordered that 'the government shall bear the burden of justifying Petitioner's continued detention by clear and convincing evidence.'" (ECF No. 23 at 3.)

> Generally, in the absence of any red flags, we take the BIA at its word. For example, "[w]hen nothing in the record or the BIA's decision indicates a failure to consider all the evidence," we will rely on the BIA's statement that it properly assessed the entire record. *Cole v. Holder*, 659 F.3d 762, 771 (9th Cir. 2011). We do not require the BIA to "discuss each piece of evidence submitted." *Id.* Similarly, we accept that the BIA "applied the correct legal standard" if the BIA "expressly cited and applied [the relevant caselaw] in rendering its decision." *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 980 (9th Cir. 2009). But when there is an indication that something is amiss, like if the BIA "misstat[es] the record" or "fail[s] to mention highly probative or potentially dispositive evidence," we do not credit its use of a "catchall phrase" to the contrary. *Cole*, 659 F.3d at 771-72.

Martinez v. Clark, 124 F.4th 775, 785 (9th Cir. 2024). Here, the written decision specifically states that "DHS proved by clear and convincing evidence that [Petitioner] would be a danger to the community if released." (ECF No. 27 at 7.) Additionally, the bond hearing recording reflects that the IJ stated during the hearing that the Department of Homeland Security bore the burden by clear and convincing evidence. (DAR at 3:30–3:44, 11:37–11:45.) As there is nothing in the record indicating "that something is amiss," Martinez, 124 F.4th at 785, the Court recommends finding that the IJ applied the proper burden of proof at the bond hearing and Petitioner is not entitled to relief on this ground.

## III.

## RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that Petitioner's motion to enforce (ECF No. 23) be DENIED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections with the Court, **limited to fifteen (15) pages in length, including any exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.

Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 23, 2026**

STANLEY A. BOONE
United States Magistrate Judge